Isadore Bookstein, J.
On the night of November 20, 1960 plaintiff’s brother was driving her motor vehicle with her permission, northerly on the New York State Thruway. A truck wheel and tire fell upon the vehicle, damaging the same. The operator of plaintiff’s vehicle suddenly saw the wheel and tire coming toward him from the west, about three feet above the ground. At the point where the incident occurred, the south bound lanes of the Thruway are a considerable distance to the west of the northbound lanes thereof. Between the north and southbound lanes, there is a mall of considerable width. The southbound lanes are considerably higher than the northbound lanes. As a result, the mall slopes for a considerable distance from the west to the east.
Plaintiff’s operator did not know the source of the wheel and tire or how they were set in motion. All he knows was that he suddenly saw them coming towards him about three feet above the ground.
Plaintiff notified defendant of a claim under a policy of insurance issued to her by defendant and advised defendant that ‘1 While driving on Thruway, tire came off of truck and struck car.” Obviously, plaintiff had no knowledge herself of what had occurred, as she was not present. Obviously, also, her report must have been based on what she was told by the operator, her brother, and it is perfectly conceivable that he told her just that. It is equally clear that such a statement was a mere conclusion reached by the operator of plaintiff’s vehicle, as the evidence discloses that he had no knowledge that such was the fact, however logical his conclusion may have been.
We are confronted then with the fact that the wheel and tire were in space some three feet above the ground and struck plaintiff’s vehicle.
Defendant had issued to plaintiff a policy of insurance, which did not cover her for collision.
The policy defined collision as follows: “ ‘ Collision ’ means collision of an automobile covered by this policy with another object ”.
*175 The meaning of this is clear and unambiguous and hence, thereunder, there is no doubt that there was a collision, within the meaning of the definition thereof, under the policy. Since there was no collision coverage, plaintiff would not be entitled to recover under the policy, unless the incident is covered by some other feature of the policy.
The policy did afford comprehensive coverage.
Part 3, Coverage D of the policy, reads as follows:
“ Coverage D (a) Comprehensive (excluding Collision)
“ (1) To pay for loss caused other than by collision to the owned automobile. For the purpose of this coverage * * * loss caused by missiles, falling objects * * * shall not be deemed to be loss caused by collision.” (Emphasis supplied.)
This clause is clear and unambiguous. It is to the effect that if the damage to plaintiff’s vehicle was caused by a falling object, then under the comprehensive clause of the policy, coverage was afforded.
The only question then is whether the collision in question was with a falling object.
That is the bone of contention between the parties and the determination of that question is what determines the result of this action.
In support of defendant’s contention that the collision in this case was not with a falling object, it cites the case of Boenzle v. United States Fid. & Guar. Co. (258 S. W. 2d 938 [Mo. Ct. App.]).
The comprehensive feature of the policy there involved, like here, excepted damage from “missiles, falling objects” from the collision exclusion of the comprehensive insurance.
In that case, the operator of the insured vehicle saw precisely what happened. She saw a tractor-trailer unit approaching from the opposite direction. It tipped and the trailer dropped; the dual wheels ‘ ‘ came off ” or “ broke off from the truck ’ ’ and the wheels rolled down the hill in the direction of assured’s automobile, travelled 100 feet and struck it. Apparently it was never off the ground. Bather, it rolled on the ground continuously from the time of its separation from the trailer to the time it struck the assured’s vehicle. It appears that there was no claim made in that case by the assured that the collision was a falling object. There the contention was only that the collision was with a ‘1 missile ’ ’ and the court held that the dual wheels were not a “ missile ”.
Defendant argues plausibly that in this case the wheel and tire came off a truck proceeding in the south lanes of the Thruway and rolled down the embankment. There is no evidence *176 that such was the case, except circumstantially and by inference. However, it is entirely conceivable that the wheel was set in motion in some other manner. Moreover, here the evidence is clear that the wheel and tire had left the ground and was falling through space. It fell from space upon the plaintiff’s vehicle. As any ordinary layman would understand the term, it was a “ falling object ”.
Webster’s International Dictionary (2d ed.) among other things defines “ fall ” as follows:
“ To pass downwards freely; to descend by the force of gravity; primarily, of objects freed from their suspension or support, to drop; to come or go toward the center of gravity, as of the earth”.
Webster’s Collegiate Dictionary (5th ed.) defines “fall” among other things as follows: “To pass downward freely; to drop ”.
Corpus Juris Secundum (Yol. 35, pp. 611, 612) defines “ Fall ” as a noun, among other things, as follows: ££ Generally, that which falls or has fallen; something in the state of falling or having fallen; descent from a higher to a lower level. It has been said that the word £ fall ’ as used in this sense, connotes an unintentional act without foresight or design.”
As a verb, it is defined therein, among other things, as “ to descend .from a higher to a lower place or position through loss or lack of support; * * * to drop down; to sink; to descend by the force or power of gravity; to pass downward freely; to drop; to come or go toward the center of gravity, as of the earth. The word is used primarily of objects freed from their suspension or support.”
As a participle, it defines “ Falling ” as follows: “ The word £ falling ’ is a derivative of 1 fall, ’ and partakes of the meaning of the verb, and as a present participle it expresses a state of action in progress or a present descending.”
The language used in an insurance contract, both with respect to coverage and exclusion, must be given its ordinary meaning, such as the average policyholder of ordinary intelligence, as well as the insurer, would attach to it. (City of Albany v. Standard Acc. Ins. Co., 7 N Y 2d 422, 430.)
If, perchance, the term “falling object ” is ambiguous, the ambiguity, under well-settled rules with reference to the construction of insurance contracts, must be resolved in favor of the policyholder. (Hartol Prods. Corp. v. Prudential Ins. Co., 290 N. Y. 44, 49; Greaves v. Public Serv. Mut. Ins. Co., 5 N Y 2d 120, 125; Bronx Sav. Bank v. Weigandt, 1 N Y 2d 545, 551.)
*177 Finally, it seems to me that the determination in Getzoff v. Piedmont Fire Ins. Co. (203 Misc. 267) is dispositive of the issue here presented.
In that case a stone fell from a truck to the ground and finally rolled under the assured’s car, came in contact with it and damaged the same. The court there held that the stone was a “ falling object.”
In this case, the wheel and tire were actually falling in space when they came in contact with the plaintiff’s vehicle.
I find and conclude that the comprehensive clause of the policy afforded coverage and that plaintiff is entitled to a judgment for the sum of $618.04, together with taxable costs and disbursements.